## Viscusi v. Pidgeon

*J. S. Hoffman*, for plaintiff.

*Meyer, Lasch, Hankin & Poul* and *J. B. Martin*, for defendant.

SMITH, P. J., October 2, 1952.—In this case defendant asks for a discovery and for leave to take the oral deposition of plaintiff. Plaintiff alleges that she as a pedestrian was struck and injured by the automobile operated by defendant on January 10, 1952, while defendant was driving his automobile westward on Allegheny Avenue at the intersection of Agate Street, Philadelphia.

The petition of defendant was filed pursuant to Pa. R. C. P. 4007. The rule aforesaid, 4007(*b*), reads as follows:

"Subject to the limitations provided by Rule 4011, the court on petition of any party may allow the tak-

ing of depositions orally or by written interrogatories approved by the court of any party or person to discover facts, including the existence and location of tangible things."

The limitations referred to in rule 4011 contain many references. It is evident that defendant desires to take the oral depositions of plaintiff with respect to her knowledge, observations and movements at the general time of the accident and to ascertain facts from her which would bear upon her contributory negligence in order that defendant may prepare a prima facie case.

We do not see any tangible reason why the rules for discovery should be extended beyond reasonable limits. Plaintiff must prove her cause by a fair preponderance of the evidence. She must show that defendant was guilty of an act of negligence which was the proximate cause for her injury. She must be subjected to cross-examination in order to decide the negligence of defendant or her own contributory negligence. Her presence in court can be forced by a subpœna so that she may be called under cross-examination. There is no necessity prior to trial to have her testify as to where she stood when hit, where the automobile was prior to her leaving the sidewalk, or how fast the automobile was going. These facts may all be deduced at trial. To do as defendant desires would be to subject plaintiff to a trial of her case on the merits before the complete trial was had by a court and jury. In a trespass action there is no need for an answer to be filed by a defendant prior to trial unless he denies agency. It is not necessary therefore to prepare any pleadings on the issue of negligence by defendant. Everything that defendant desires by this petition of discovery may be ascertained at trial. The court has no discretion in this matter. The rules of court (see rule 4011) provide the necessary exceptions to a dis-

covery. Former Judge Charles E. Kenworthy, chairman of the Procedural Rules Committee, in his article, "Discovery Under the Proposed New Rules," which appeared in the Pennsylvania Bar Association Quarterly of October 1948, page 17, at 22 and 23, said:

"Fundamentally, what the Procedural Rules Committee has attempted to do is to harmonize two basic principles: (1) that no person should be deprived of his day in court merely because he does not control the means of proving his case; and (2) The ends of justice are not best served by giving every litigant the power to explore without restraint his opponent's case."

For the reasons hereinbefore discussed, we enter the following

*Order*

And now, to wit, October 2, 1952, the petition of defendant for the discovery sought is hereby denied.